## GOULD v. TOWN OF ONEONTA.

*Contract—for sale of stock—rescission of—recovery back of money paid on rescinded. Towns—officers of exceeding authority—when official acts valid. Agency.*

The commissioners to issue town bonds in aid of a railroad, for which stock was to be issued to the town by the company, had issued the bonds and settled with the company all except a claim of the company for back interest which the commissioners disputed. The company refused to issue the stock until the interest was adjusted. The commissioners contracted to sell the stock to one W., and directed W. to pay the disputed interest under protest, which he did. The town brought action and by injunction restrained the transfer of the stock to W. W. then rescinded the contract and demanded back what he had paid. The stock was obtained by the commissioners and they sold it. *Held,* that W. was entitled to recover from the town the amount paid by him.

It was alleged that the contract with W. was not for cash, and was therefore one which the commissioners had no right to make. *Held,* that not being immoral or opposed to public policy, but one simply in excess of their powers, the court would not refuse relief.

A PPEAL by the defendant from a judgment ordered at special term in favor of the plaintiff.

The action was brought by Jay Gould against the town of Oneonta to recover the amount paid by one David Wilber, the assignor of plaintiff, to the Albany & Susquehanna Railroad Co., for interest claimed by it to be due from defendant on its subscription to the capital stock of the railroad company. Such payment was made under circumstances fully set out in the opinion, which contains the material facts.

*Bundy & Scramling* and *H. Sturges*, for appellant. The sale of the stock was in violation of the statute, not being for par (Laws 1857, chap. 401, § 6), nor for cash. *Tanner* v. *Bank of Fox Lake*, 23 How. 399 ; S. C., 3 Keyes, 425 ; *Bradford* v. *Fox*, 16 Abb. 51 ; *Decker* v. *Judson*, 16 N. Y. 442 ; *Morton* v. *Campbell*, 14 Abb. 414. Under the general law of agency, the contract of sale.was void. *Denning* v. Smith, 3 Johns. Ch. 332 ; *State of Illinois* v. *Delafield*, 8 Paige, 527 ; S. C., 26 Wend. 192, and 2 Hill, 159 ; *Farm. & Mech. Bank* v. *Butch. & Drov. Bank*, 16 N. Y. 137 ; *Adriance* v. *Rome*, 52 Barb. 399 ; *Munn* v. *Commission Co.*, 15 Johns. 44 ; *Beals* v. *Allen*, 18 id. 363; *Scott* v. *McGrath*, 7 Barb. 53 ; *Stringham* v. *St. Nicholas Ins. Co.*, 3 Keyes, 280; *People* v. *Bostwick*, 32 N. Y. 445 ; *Marvin* v. *Wilber*, 52 id. 270. The contract being void the money cannot be recovered back. *Burt* v. *Place*, 6 Cow. 431 ; *Merrweather* v. *Nipan*, 2 Smith's Lead. Cas. 528; *Best* v. *Strong*, 2 Wend. 319 ; *Perkins* v. *Savage*, 15 id. 412; *Nellis* v. *Clark*, 20 id. 24; S. C., 4 Hill, 24 ; *Otis* v. *Harrison*, 36 Barb. 210 ; *Jones* v. *Wilson*, 3 Johns. 434 ; *Menderback* v. *Hopkins*, 8 id. 436; *Wyman* v. *Farnsworth*, 3 Barb. 369 ; *Melchoir* v. *McCarty*, 11 Am. Rep. 606 ; *Town of Venice* v. *Breed*, 1 N. Y. Sup. 130.

*Chapman & Martin*, for respondent.

Present — LEARNED, P. J., and JAMES and POTTER, JJ.

LEARNED, P. J. The important facts are briefly these :

The commissioners of the defendants had subscribed for certain stock of the Albany & Susequehanna Railroad Company for the town. This subscription they had paid up, except that the company claimed that there was a balance of some $6,000 due for back interest. About this there was a dispute between the commissioners and the company ; and the company refused to issue scrip until this was paid.

While matters were in this condition, the commissioners contracted to sell the stock held by the town to Wilber, the assignor of the plaintiff, at par. As part of this agreement and in order to obtain the issue of the stock, Wilber, by the direction of the commissioners, paid to the railroad company the amount of, the disputed back interest, and he also paid to the commissioners themselves a town bond of $500. In making this payment to the

railroad company, Wilber, by direction of the commissioners, did so under protest, and the receipt given him so expresses. After this the defendants brought an action and, by injunction, prevented the transfer of the stock to Wilber. Wilber then rescinded his contract and demanded back what he had paid. The commissioners subsequently obtained the scrip for this stock and sold it.

The plaintiff, assignee of Wilber, now seeks to recover the money thus paid and the value of the bond. Judgment was rendered in his favor at special term, from which defendants appeal.

The commissioners were the agents of the defendants in respect to the subscription for this stock and in respect to its sale. As such they contracted for the sale and fixed the price. When they required or authorized Wilber to pay to the railroad company this money as a part of the purchase price, and he so paid it, the transaction was substantially the same as if he had paid it to the commissioners and they had paid it to the company. If they were authorized to sell and receive payment, then their direction to the purchaser to pay to some one else, when acted on, was a payment to them. The price at which they agreed to sell included this balance of alleged back interest, and Wilber paid this as a part of the purchase price.

Or the claim of the company may be considered to be a lien, alleged to exist upon the stock, without the payment of which the company refused to issue it. The commissioners, protesting against their liability, yet authorize Wilber to discharge this alleged lien in order that by so doing they may transfer the stock to him and receive payment for it. In this view of the matter also, the money was practically a payment on the contract for the sale of the stock. The contract has been rescinded, and it is unreasonable that Wilber should lose his part payment.

Again, the defendants have had the benefit of the payment. They have had the stock and have sold it. They say now — true, we have had the stock but we ought to have had it without the payment of this back interest. But the answer to this is that their agents authorized the payment of this back interest. If it was as appears, paid under protest, that was a protest on the part of the commissioners and on behalf of the defendants against their liability. Let the defendants then recover the money from the railroad company to which they caused it to be paid.

Let them claim that, in order to obtain this stock, they were

compelled to pay this back interest, and let them show that they were not justly liable therefor. For the evidence shows that the railroad company refused to issue the stock until this back interest had been paid. *Merritt* v. *Millard*, 4 Keyes, 208.

In opposition to this view it is urged by the defendants that the commissioners had no right to make the contract which they did make; for the reason that, as alleged, it was not for cash. Assuming that the contract was not for cash still, as is well pointed out by the learned justice who tried the cause, "the contract was not immoral, opposed to public policy, or criminal. It was simply the exercise of an excess of power by officers who were restrained by the law." This case has therefore no similarity to those in which the courts refuse relief to any parties who have entered into an immoral contract. *Tracy* v. *Talmadge*, 14 N. Y. 162.

The question is further made whether the commissioners had authority to settle and adjust the back interest with the railroad company. The claim made by the company was that the subscription had not been fully paid, on account of a loss of interest upon the bonds delivered in payment of the subscription. The company claimed that the subscription should be as of a certain date, and should bear interest as of that date. Whatever the justice or injustice of that claim might have been, it seems plain that an adjustment of it was within the authority of the commissioners. At least, it was so far within their authority that Wilber would be justified in paying money on this claim by their direction.

They were in fact the only persons who could adjust the balance alleged to be due to the railroad company, and it seems to have been within the duties imposed on them to arrange the matter of interest with the company. Laws 1856, chap. 64. And whether, in the present instance, they did actually agree on the balance as due, or only paid it under protest, in order to obtain the scrip ; in either case the payment which they authorized Wilber to make was a part payment on this contract, was made by their direction, and for the benefit of the defendants.

When the defendants broke the contract and Wilber rescinded it they ought not to have retained the money of which they had thus had the benefit.

The judgment should be affirmed, with costs.

*Judgment affirmed.*